# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Sandra C. Affare, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action |
| ) | |
| ) | Case No. 1:22-cv-00018-CEA-CHS |
| The University of Tennessee at ) | |
| Chattanooga, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT FOR DAMAGES

The University of Tennessee (UT or the University), misnamed in the Complaint,[1] files its Answer to Complaint for Damages as follows:

## FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted and thus should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FAILURE TO MITIGATE DAMAGES

Plaintiff failed to take steps that a reasonable person would have taken to mitigate her damages; therefore, any damages awarded should reflect this failure.

## FAILURE TO FILE TIMELY

Plaintiff's claims Title VII are barred to the extent she failed to bring suit within ninety days of the receipt of the Notice of Right to Sue.

---

[1] The University of Tennessee comprises campuses in Knoxville, Chattanooga, Pulaski (UT Southern), Martin, and Memphis, the Space Institute in Tullahoma, and the Institute for Public Service in Knoxville. All constitute one legal entity.

## LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's claims arising under Tennessee law are barred by the Eleventh Amendment to the U.S. Constitution, and the Court lacks subject matter jurisdiction over those claims.

## RESPONSES TO ALLEGATIONS OF THE COMPLAINT

1. The allegations in paragraph 1 of the Complaint are admitted except that one of the statutes referred to is Title VII of the Civil Rights Act of 1964 not 1984.

2. The allegations of paragraph 2 of the Complaint are admitted.

3. The allegations of paragraph 3 of the Complaint are admitted. From February 1, 2018, till July 31, 2021, Plaintiff was a full-time non-tenure-track Assistant Professor of Practice at the University of Tennessee Space Institute (UTSI). From January 2019 till the present, she has served as a part-time adjunct faculty member in the College of Engineering and Computer Science's Department of Engineering Management and Technology at University of Tennessee at Chattanooga (UTC).

4. The allegations of paragraph 4 of the Complaint are admitted.

5. The allegations of paragraph 5 of the Complaint are admitted.

6. With regard to the allegations of paragraph 6 of the Complaint, it is unclear what Plaintiff means by "the next available tenure-track position." Defendant admits that Plaintiff applied for a full-time tenure-track faculty position at the rank of Assistant or Associate Professor at UTC that was posted in July 2019.

7. The allegations of paragraph 7 of the Complaint are admitted.

## JURISDICTION

8. Defendants admit that this Court has subject matter jurisdiction over the federal claims asserted in this case pursuant to 28 U.S.C. § 1331.

9. The allegations of paragraph 9 of the Complaint are denied.

**VENUE**

10. Defendant admits the venue is proper in this district and division.

**CONDITIONS PRECEDENT**

11. With regard to paragraph 11 of the Complaint, Defendant admits that Plaintiff filed a charge of discrimination with the EEOC. Defendant denies that it discriminated against Plaintiff in any way forbidden by law.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

**PARTIES TO THE COMPLAINT**

16. Defendant admits the allegations of paragraph 16 of the Complaint.

17. Defendant admits the allegations of paragraph 17 of the Complaint.

18. Defendant admits the allegations of paragraph 18 of the Complaint.

19. Defendant admits the allegations of paragraph 19 of the Complaint.

20. Defendant admits that it was properly served with process.

**FACTUAL ALLEGATIONS**

21. No response to paragraph 21 is required.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant admits the allegations of paragraph 23 of the Complaint.

## COUNT I: TITLE VII GENDER DISCRIMINATION

24. No response to paragraph 24 is required.

25. Defendant does not understand what a "non-track-track" position is. If Plaintiff means a non-tenure-track position, the allegations of paragraph 25 of the Complaint are denied.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint because there are no tenure-track instructors in the Engineering Management and Technology Department.

29. Defendant admits the allegations of paragraph 29 of the Complaint.

30. Defendant admits the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

## COUNT II: DISPARATE IMPACT

32. Defendant admits the allegations of paragraph 32 of the Complaint.

33. Defendant admits the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant admits the allegations of paragraph 35 of the Complaint.

## PLAINTIFF UNIQUELY QUALIFIED

36. Answering the allegations of paragraph 36 of the Complaint, Defendant admits that Plaintiff is a graduate of the UTC College of Engineering and Computer Science. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 36.

37. Answering the allegations of paragraph 37 of the Complaint, Defendant admits that Plaintiff has worked in project management and related fields since she obtained her B.S. in 1998. (There is a footnote indicated at the end of paragraph 37, but there is no footnote on the page.)

38. Defendant admits the allegations of paragraph 38 of the Complaint.

39. Defendant admits the allegations of paragraph 39 of the Complaint.

40. Defendant admits the allegations of paragraph 40 of the Complaint. (There is a footnote indicated at the end of the opening phrase of paragraph 40, but there is no footnote on the page.)

41. Answering the allegations of paragraph 41 of the Complaint, Defendant admits that two of the six adjunct faculty members in the UTC EMT Department are female.

42. Answering the allegations of paragraph 42 of the Complaint, Defendant knows about Plaintiff's performance only as a teacher and only through student and faculty evaluations. Defendant does not know the opinions of her held by industry leaders and community organizations.

43. Defendant admits the allegations of paragraph 43 of the Complaint.

44. Defendant admits that if one multiplied the number of students in courses she taught during the Spring and Fall semesters of 2018, 2019, and 2020 by the number of credit hours earned by each student, the product would exceed 600 credit hours.

**UTC'S STRATEGIC MISSION IN THE EMT DEPARTMENT**

45. Answering the allegations of paragraph 45 of the Complaint, Plaintiff has accurately quoted UTC's published mission statement.

46. Defendant admits the allegations of paragraph 46 of the Complaint. There are no instructors of any gender in tenure-track positions.

47. Defendant admits the allegations of paragraph 47 of the Complaint.

48. Defendant admits the allegations of paragraph 48 of the Complaint.

49. Defendant admits the allegations of paragraph 49 of the Complaint.

50. Defendant admits the allegations of paragraph 50 of the Complaint.

51. Answering the allegations of paragraph 51 of the Complaint, Defendant admits that Plaintiff was not offered the tenure-track position for which she applied. The remaining allegations of paragraph 51 are denied.

52. Answering the allegations of paragraph 52 of the Complaint, Defendant can neither admit nor deny the content of Plaintiff's information and belief. Defendant denies the truth of the allegations regarding her information and belief.

53. Defendant denies the allegations of paragraph 53 of the Complaint.

54. Defendant denies the allegations of paragraph 54 of the Complaint.

55. Answering paragraph 55 of the Complaint, Defendant admits that UTC has a Strategic Plan that states that embracing diversity and inclusion is one of the campus's values.

56. Answering the allegations of paragraph 56 of the Complaint, Plaintiff's formulation of Defendant's "duty" does not appear in the Strategic Plan. The allegations are therefore denied.

57. The allegations of paragraph 57 of the Complaint are admitted.

58. Answering the allegations of paragraph 58 of the Complaint, Plaintiff did well if one assesses only the objective rubric scores, but several applicants did better.

59. Answering the allegations of paragraph 59 of the Complaint, Defendant admits that Plaintiff contends as stated in the paragraph, but Defendant denies the truth of her contention.

## STATEMENT OF CLAIM

60. The allegations of paragraph 60 of the Complaint are admitted except that Defendant denies that this Court has subject matter jurisdiction over the claim under the Tennessee Human Rights Act.

## RACE DISCRIMINATION

61. The allegations of paragraph 61 of the Complaint are denied.

62. The allegations of paragraph 62 of the Complaint are admitted.

63. The allegations of paragraph 63 of the Complaint are admitted.

64. The allegations of paragraph 64 of the Complaint are denied.

65. The allegations of paragraph 65 of the Complaint are admitted. The University routinely places administrators in interim positions.

66. The allegations of paragraph 66 of the Complaint are admitted. The University does not conduct public searches before placing existing administrators in interim positions.

67. The allegations of paragraph 67 of the Complaint are admitted except that Plaintiff was not the most qualified applicant.

## RELIEF

1. The allegations in paragraph 1 of this section are denied.

2. The allegations in paragraph 2 of this section are denied.

3. There is no paragraph 3 in this section of the Complaint.

4. The allegations in paragraph 4 of this section are denied as Defendant has no knowledge or information upon which to form a belief of their truthfulness.

5. The allegations of paragraph 5 of this section are denied.

## PLAINTIFF'S DEMAND FOR RELIEF

1–7. Defendant denies that Plaintiff is entitled to any relief whatever and requests that Plaintiff's Complaint be dismissed, that Plaintiff take nothing, and that the costs of the action be taxed to Plaintiff.

Respectfully submitted this 28th day of April, 2022.

/s T. Harold Pinkley
T. Harold Pinkley (BPR # 009830)
Associate General Counsel
The University of Tennessee - Office of the General Counsel
505 Summer Place – UT Tower 1109
Knoxville, TN  37902
(865) 974-3416
harold.pinkley@tennessee.edu
*Attorney for Defendant, the University of Tennessee*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

Jacqueline Strong Moss
Strong Moss Law
Executive Suites at Bailey
1089 Bailey Avenue, Suite C7
Chattanooga, TN 37404
strongmosslaw@gmail.com
*Attorney for Plaintiff*

Respectfully submitted this 28th day of April, 2022.

/s T. Harold Pinkley
T. Harold Pinkley (BPR # 009830)